MELINDA HAAG (CSBN 132612)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

   150 South Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5061
Facsimile: (408) 535-5081
jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09-00716-RMW |
| Plaintiff, | ) | |
| v. | ) | UNITED STATES' SENTENCING MEMORANDUM |
| VICTORIA PUNTANILLA, | ) | |
| Defendant. | ) | Date: August 23, 2010 |
| | ) | Time: 9:00 a.m. |

## I. **INTRODUCTION AND PROCEDURAL HISTORY**

The United States hereby submits its sentencing memorandum in the above-referenced case. On October 29, 2009, the defendant pled guilty to a one count information charging her with misuse of a passport, in violation of Title 18, United States Code, Section 1544. The defendant's plea was made pursuant to a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

In her plea, the defendant admitted to traveling from San Jose to the Phillippines for the purpose of recruiting individuals to smuggle back into the United States. The defendant brought U.S. passports with her to the Phillippines and used those passports to bring improperly documented individuals back into the United States. Moreover, after the investigation into her

UNITED STATES' SENTENCING MEMORANDUM
CR CASE # 09-00716-RMW

criminal activity began, the defendant contacted individuals she had smuggled into the United States and offered to pay for them to return to the Phillippines.  She made this offer with the intention of obstructing justice.

Lastly, in the eighth paragraph of the defendant's plea agreement, she agreed to provide "accurate and complete financial information, submit sworn statements and give depositions under oath concerning [her] assets and [her] ability to pay, surrender assets [she] obtained as a result of [her] crimes, and release funds and property under [her] control in order to pay any fine, forfeiture, or restitution."  Unfortunately, the defendant has not complied with these obligations. The Probation Officer, in the Presentence Report, correctly notes, "...she has not fully complied the conditions of her Plea Agreement with respect to the financial disclosure, as it relates to the forfeiture of a $150,000 money judgment." [PSR ¶ 44.] As of this filing, the defendant has not met her obligations under the plea agreement.

## II.  SENTENCING GUIDELINES CALCULATION

The Probation Office calculated the applicable United States Sentencing Guidelines ("U.S.S.G").  These Guidelines are advisory after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).  The defendant's base offense level begins at 11. [U.S.S.G. §2L2.1(a) and PSR ¶ 36.]  The base offense level is increased by three (3) levels, to 14, due to the number of passports, between six and twenty-four, involved in the offense. [U.S.S.G. § 2L2.1(b)(2)(A) and PSR ¶ 37.]  The base offense level is increased by an additional four (4) levels, to 18, due to the defendant's fraudulent use of a passport. [U.S.S.G. § 2L2.1(b)(5)(A) and PSR ¶ 38.]  The base offense level is increased by an additional two (2) levels, to 20, due to the defendant's attempts to obstruct justice. [U.S.S.G. § 3C1.1 and PSR ¶ 41.]  Pursuant to U.S.S.G. § 3E1.1(a), Acceptance of Responsibility, the defendant is eligible for a downward adjustment of three levels, resulting in a total offense level of 17. [PSR ¶¶ 43-47.]  The government and the Probation Officer calculate that the defendant has zero total criminal history points.  Therefore, she falls into Criminal History Category I. [PSR ¶ 51.]  An adjusted offense level of 17 when indexed with a Criminal History Category of I yields a guideline range of 24 - 30 months imprisonment.  Probation Officer Flores concluded that the nature, circumstances, and

seriousness of this offense, in addition to the defendant's failure fully to accept responsibility for her conduct, demand the imposition of a 24-month sentence. [PSR Sentencing Recommendation.] Moreover, Officer Flores noted that the defendant has defeated every effort to make her comply with this Court's preliminary forfeiture order in the amount of $150,000. [PSR Sentencing Recommendation.] Therefore, the Probation Office believes the sentence recommended by the parties in the plea agreement – that is, a term of imprisonment of 15-months – is unreasonable. [PSR Sentencing Recommendation.]

The government agrees with the Probation Officer's calculation of the applicable guidelines with one exception. The Probation Office applied a three (3) level enhancement due to the number of passports involved in the offense, under U.S.S.G. § 2L2.1(b)(2)(A). [PSR ¶ 37.] The government chose not to apply this enhancement, instead limiting its application of guideline enhancements to conduct admitted to by the defendant within the factual basis for her plea and negotiated by the parties in good faith. The government would urge the court to follow the guidelines and sentencing recommendation as agreed to by the parties in the plea agreement.

### III.  THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government believes the sentence stipulated to by the parties is reasonable in light of the § 3553(a) factors. Thus, the government asks the Court to impose: a sentence of imprisonment of 15 months, a mandatory special assessment of $100, and three years of supervised release. Moreover, the government asks the Court to order the defendant to forfeit property equivalent to $150,000, as discussed in paragraph 10 of the plea agreement. To date, the defendant has failed to comply with this requirement. Even more, the defendant has not cooperated with the government, as required in her plea agreement, by providing accurate financial records to assist in the collection of this forfeiture order. The defendant should be instructed to do so.

//

//

//

//

## IV.  <u>CONCLUSION</u>

For the reasons stated above, the government urges the Court to impose the sentence recommended by the parties in the plea agreement.


DATED: August 16, 2010                    Respectfully submitted,

                                          MELINDA HAAG
                                          United States Attorney


                                          ___/s/_____
                                          JEFFREY B. SCHENK
                                          Assistant United States Attorney