# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Jose Venue

## Petition for Summons for Offender Under Supervision

**Name of Offender**
Victoria Puntanilla

**Docket Number**
CR 09-00716-1 RMW

**Filed**

SEP 2 1 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**Name of Sentencing Judge:** The Honorable Ronald M. Whyte
Senior United States District Judge

**Date of Original Sentence:** July 12, 2010

**Original Offense**
Count One: Misuse of Passport, 18 U.S.C § 1544, a Class C felony

**Original Sentence:** 15 months custody, Three years supervised release
**Special Conditions:** Access to financial information; Mental health treatment; $100 special assessment; Search; Not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; DNA collection; $150,000 criminal forfeiture.

**Type of Supervision**
Supervised Release
**Assistant U.S. Attorney**
Jeffrey B. Schenk

**Date Supervision Commenced**
December 23, 2011
**Defense Counsel**
Scott S. Furstman (Retained)

## Petitioning the Court

The issuance of a summons for the offender to appear in court before the duty Magistrate Judge, Paul S. Grewal, for identification of counsel and setting of further proceedings on September 27, 2012, at 9:30 a.m.

I, Malik Ricard, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

NDC-SUPV-FORM 12C(1) 02/26/10

**RE:**    Puntanilla, Victoria Dasalla                                                                        2
CR 09-00716-1 RMW

Charge Number          Violation

One                    There is probable cause to believe that the offender violated standard
                       condition which states that the offender shall answer truthfully all
                       inquiries by the probation officer and follow the instructions of the
                       probation officer.

> On August 31, 2012, San Jose Fire Inspectors, city of San Jose Code
> Enforcement Inspectors, and U.S. Probation contacted the offender at
> her boarding house located at 1382 Sunnycrest Circle, San Jose,
> 95122.    Upon finding the presence of people currently residing in a
> wooden shed in the backyard, I directed the offender to tell me exactly
> who was residing there. The offender initially told me her cook, "Beni
> Hernandez," was staying in one room rent free and "Josephine
> Balanza" was staying in the other room. When I asked the offender if
> she knew of the presence of children residing in the wooden shed, she
> initially stated "no."

> When I informed the offender I'd already received information there
> was a pregnant women with a small child living there, she changed her
> story and stated the woman's name was "Fey Balanza" (later
> confirmed as Cleofe Balanza) who was pregnant and had a toddler girl
> also living in the wooden shed. The offender initially stated she was
> only charging Ms. Balanza for utilities. When I reminded the offender
> she provided me financial documentation which showed the utilities
> for Sunnycrest Circle were delinquent, the offender then stated she
> was allowing Ms. Balanza and her daughter to reside in the shed for
> free.

> Evidence of this violation can be found in this officer's verbal
> testimony from a field contact with the offender on August 31, 2012.

Two                    There is probable cause to believe that the offender violated standard
                       condition number one that states she shall not leave the judicial district
                       without permission of the court or probation officer in that on or about
                       June 28, 2012, she was in Sacramento, California (Eastern District of CA)
                       without permission.

> On June 28, 2012, I received an email from the offender's clinician at
> Sharper Future, Jason Shepherd, indicating on said date she was
> unable to attend a scheduled individual therapy session due to being in
> Sacramento.

> On July 5, 2012, I contacted the offender by telephone and inquired
> why she left the Northern District of California (NDCA) without
> permission. The offender admitted to leaving the district without
> permission and stated she went to visit her sick uncle. The offender

RE:     Puntanilla, Victoria Dasalla                                                    3
CR 09-00716-1 RMW

failed to leave me a voice message detailing the circumstances of why she needed to leave the NDCA. The offender stated she thought she could travel freely outside of the NDCA after being on supervision for the initial 60 day assessment period.

Evidence of these violations can be found an email from the offender's therapist at Sharper Future, Jason Shepherd, dated June 28, 2012, and this officer's verbal testimony.

Three                     There is probable cause to believe that the offender violated standard condition number two which states she shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month.

The offender submitted monthly reports for the months of December, 2011 through August, 2012. On Part B of the Monthly Supervision Report (MSR), the offender stated she had no employment or "N/A-not applicable." The offender failed to list name, address, work hours, and position held at employment. However, the offender submitted supplemental sheets with her MSR that listed rent and monthly expenditures she received from tenants at "Vicky's Boarding House" located at 1382 Sunnycrest Circle, San Jose, 95122.

On September 4, 2012, Supervising U.S. Probation Officer Susan Portillo and I contacted the offender at her boarding house located at 1382 Sunnycrest Circle, San Jose, 95122. During the course of questioning, the offender admitted to operating another boarding house located at 2105 Sierra Wood Drive, San Jose, 95132, starting in approximately March, 2012. She failed to report this information on the monthly supervision report.

On September 6, 2012, the offender reported to my office for further questioning. I asked the offender where she obtained the funds to operate a boarding house out of Sierra Wood Drive. The offender stated she borrowed $3500 from her mother and sister, Minerva, and paid one month's rent to the owner of the house and friend, Lydia Velasco. The offender stated she never deposited the cash in any of her bank accounts and gave the cash directly to Ms. Velasco. The offender never reported the cash transaction on her March, 2012 Monthly Supervision Report which directs her to list all expenditures over $500.

Evidence of this violation can be found in the offender's Monthly Supervision Reports from December, 2011 through August, 2012, and this officer's verbal testimony.

RE:    Puntanilla, Victoria Dasalla                                                 4
CR 09-00716-1 RMW

Four

There is probable cause to believe that the offender violated standard condition number five that states she will work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reason, in that the offender was operating an unlawful business.

On June 11, 2012, during a field contact with the offender at address 1382 Sunnycrest Circle, San Jose, 95122, the offender produced a San Jose business permit which listed Vicky's Boarding House and had an expiration date of September 15, 2012. The offender reported this permit was documentation she could operate a boarding house.

However, after further investigation, it was found that the offender only had a valid city of San Jose business permit and no additional permits to operate a boarding house which complies with all city code regulations. On August 27, 2012, I spoke with California Department of Social Services Licensing Analyst Romeo Manzano, who confirmed the offender is not licensed to operate an assisted living facility. Additionally, Mr. Manzano stated the offender was fined in 2008 and 2009 and has an outstanding civil penalty of $73,992.92 due to uncorrected or immediate deficiencies.

On August 30, 2012, I contacted the City of San Jose Code Enforcement office, Inspector Pieruccini, who confirmed the offender does not have a Reasonable Accommodation Permit- granting her permission to house more than six residents in a zoned single family home.

On August 31, 2012, San Jose Fire Inspectors, and city of San Jose Code Enforcement Inspectors contacted the offender at her boarding house located at 1382 Sunnycrest Circle, San Jose, 95122. It was determined by all responding agencies that the number of residents in the home exceeded the maximum of six people to be categorized as a boarding house. Additionally, it was determined the offender was housing residents in an unpermitted wooden shed and an RV which had exposed extension cords used as a source of electricity and no connection for sewage. In the wooden shed, the offender also housed a pregnant woman with a toddler. There were also residents who needed assisted living services and had to have their medication administered.

Evidence of these violations can be found in this officer's verbal testimony, the offender's financial statement submitted on July 17, 2012, month-to-month tenancy rental agreements, and the City of San Jose Inspection Notice and Administrative Citation dated August 31, 2012.

**RE:**   Puntanilla, Victoria Dasalla                                                          5
CR 09-00716-1 RMW

Five

There is probable cause to believe that the offender violated special condition number three that states she shall participate in a mental health treatment program, as directed by the Probation Officer.

> On January 3, 2012, I referred the offender to mental health counseling at Sharper Future.
>
> On June 28, 2012, the offender missed a scheduled mental health counseling session due to leaving the NDCA without permission.
>
> On August 16, 2012, the offender missed a scheduled mental health counseling session and stated she had to take her sister to a medical appointment in another town.
>
> The offender did not obtain approval to miss the scheduled counseling appointments nor did she inform me that she would not be attending.
>
> Evidence of these violations can be found in correspondence from Sharper Future clinician, Jason Shepard, on June 28, 2012, and August 16, 2012.

Six

There is probable cause to believe that the offender violated general condition which states the offender shall not commit another federal, state or local crime, in that the offender provided false information and supporting documents to support the U.S. Passport application for Rodolph Samudio, Jr.

> On September 11, 2012, I received a copy of a rejected U.S. Passport application originally filed on February 17, 2012, from Special Agent Jason Griffin with Diplomatic Security Service (DSS). The applicant, Rodolph "Rudy" Samudio, Jr., is a long time resident at the offender's boarding house located at 1382 Sunnycrest Circle, San Jose, CA 95122. Mr. Samudio, Jr. is medically disabled and in a wheelchair. On the application, he requested to travel to Mexico and the Philippines for 30 days.
>
> On July 31, 2012, U.S. Passport officials called Mr. Samudio, Jr., to request additional information and documentation from him. However, Mr. Samudio, Jr. was unable to hold a conversation and the U.S. Passport official indicated they spoke with a woman named "Victoria" (the offender). They instructed the offender to have Mr. Samudio, Jr. send them a letter with a note about a change of address request.

**RE:**    Puntanilla, Victoria Dasalla                                                                          6
CR 09-00716-1 RMW

On August 1, 2012, U.S. Passport officials received a fax response in what appears to be the offender's handwriting (similar to handwriting submitted by the offender from her June 2012 monthly supervision report). The letter stated Mr. Samudio, Jr., wanted change his address to 831 Brevins Loop, San Jose, CA (the offender's current address). The signature on the letter is different from Mr. Samudio Jr.'s signatures listed on his CA Department of Motor Vehicle Identification Card, his Social Security Card, and the signature listed on page 1 of the U.S. Passport application.

Evidence of this violation can be found in this officer's verbal testimony, the rejected U.S. Passport application from Rodolph Samudio, Jr., and provisions of 18 U.S.C. § 1001, § 1542 and § 1621.

RE:    Puntanilla, Victoria Dasalla                                                      7
CR 09-00716-1 RMW

Based on the foregoing, there is probable cause to believe that Victoria Puntanilla violated the conditions of her supervision.

Respectfully submitted,                          Approved as to form:

_____                 _____
Malik Ricard                                     Susan Portillo
United States Probation Officer                  Supervisory U.S. Probation Officer
Date Signed: September 20, 2012

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☑ The issuance of a summons for the offender to appear in court before the duty Magistrate Judge, Paul S. Grewal, for identification of counsel and setting of further proceedings on September 27, 2012, at 09:30 a.m.

☐ Other:

_____9/20/2012_____               _____
Date                                           Ronald M. Whyte
                                               Senior United States District Judge

**RE:**    Puntanilla, Victoria Dasalla                                                                                                 8
CR 09-00716-1 RMW


APPENDIX


Grade of Violations:  C

Criminal History at time of sentencing:  I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | **2 years**<br>**18 U.S.C § 3583(e)(3)** | **3-9 months**<br>**U.S.S.G §7B1.4(a)** |
| **Supervised Release:** | **3 years**<br>**18 U.S.C § 3583(b)** | **3 years less any term of imprisonment imposed upon revocation**<br>**U.S.S.G § 7B1.3(g)(2)** |
| **Probation:** | **Not Applicable** | **Not Applicable** |

**U.S.S.G 7B1.3(g)(2):**  If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statue for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

**U.S.S.G 7B1.3(a)(2):**  Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.