# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Jose Venue

---

### Amended Petition for Summons for Offender Under Supervision

---

**Name of Offender**
Victoria Puntanilla

**Docket Number**
CR 09-00716-1 RMW

**Name of Sentencing Judge:**  The Honorable Ronald M. Whyte
Senior United States District Judge

**Date of Original Sentence:**   July 12, 2010

**Original Offense**
Count One:  Misuse of Passport, 18 U.S.C § 1544, a Class C felony

**Original Sentence:** 15 months custody, Three years supervised release

**Special Conditions:** Access to financial information; Mental health treatment; $100 special assessment; Search; Not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; DNA collection; $150,000 criminal forfeiture; (modified on September 27, 2012) The offender shall not enter into any rental lease agreements without the approval of the United States Probation Officer; The offender shall not rent out any rooms in her primary residence, without prior approval from the United States Probation Officer; The offender shall not be a payee or designated beneficiary of any state, federal, or local benefits, including but not limited to disability and medical restrictions; The offender shall not act in the capacity of a licensed Psychiatric Technician or as a licensed Vocational Nurse until a judgment has been made by the Board of Vocational Nursing and Psychiatric Technicians, Department of Consumer Affairs, State of California; The offender shall not be self-employed (with USPO approval), not operate or be employed in the capacity of a landlord, nor be an operator of a boarding house, board and care house, independent living house, nor an assisted living facility; The offender shall stop operating a boarding house at the following residences: 1382 Sunnycrest Circle, San Jose CA 95122; and 2105 Sierra Wood Drive, San Jose, CA 95132. Specifically, offender has until 10/11/12 to finalize transfer of all tenants into other boarding houses; The offender shall not apply for U.S. Passport or assist anyone in completing a U.S. Passport application, without prior permission of the United States Probation Officer; The offender shall only use her true name of Victoria Dasalla Puntanilla; The offender shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts, without the approval of the probation officer;

**Type of Supervision**
Supervised Release

**Assistant U.S. Attorney**
Jeffrey B. Schenk

**Date Supervision Commenced**
December 23, 2011

**Defense Counsel**
Scott S. Furstman (Retained)

---

RE:  Puntanilla, Victoria Dasalla                                                              2
CR 09-00716-1 RMW

---

**Petitioning the Court**

Amend the previously filed petition dated September 21, 2012, to include charges Seven, Eight, Nine, Ten, and Eleven.

I, Malik Ricard, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated standard condition which states that the offender shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

On August 31, 2012, San Jose Fire Inspectors, city of San Jose Code Enforcement Inspectors, and U.S. Probation contacted the offender at her boarding house located at 1382 Sunnycrest Circle, San Jose, 95122. Upon finding the presence of people currently residing in a wooden shed in the backyard, I directed the offender to tell me exactly who was residing there. The offender initially told me her cook, "Beni Hernandez," was staying in one room rent free and "Josephine Balanza" was staying in the other room. When I asked the offender if she knew of the presence of children residing in the wooden shed, she initially stated "no."

When I informed the offender I'd already received information there was a pregnant women with a small child living there, she changed her story and stated the woman's name was "Fey Balanza" (later confirmed as Cleofe Balanza) who was pregnant and had a toddler girl also living in the wooden shed. The offender initially stated she was only charging Ms. Balanza for utilities. When I reminded the offender she provided me financial documentation which showed the utilities for Sunnycrest Circle were delinquent, the offender then stated she was allowing Ms. Balanza and her daughter to reside in the shed for free.

Evidence of this violation can be found in this officer's verbal testimony from a field contact with the offender on August 31, 2012.

RE:   Puntanilla, Victoria Dasalla                                                                3
CR 09-00716-1 RMW

Two                          There is probable cause to believe that the offender violated standard condition number one that states she shall not leave the judicial district without permission of the court or probation officer in that on or about June 28, 2012, she was in Sacramento, California (Eastern District of CA) without permission.

On June 28, 2012, I received an email from the offender's clinician at Sharper Future, Jason Shepherd, indicating on said date she was unable to attend a scheduled individual therapy session due to being in Sacramento.

On July 5, 2012, I contacted the offender by telephone and inquired why she left the Northern District of California (NDCA) without permission. The offender admitted to leaving the district without permission and stated she went to visit her sick uncle. The offender failed to leave me a voice message detailing the circumstances of why she needed to leave the NDCA. The offender stated she thought she could travel freely outside of the NDCA after being on supervision for the initial 60 day assessment period.

Evidence of these violations can be found an email from the offender's therapist at Sharper Future, Jason Shepherd, dated June 28, 2012, and this officer's verbal testimony.

Three                        There is probable cause to believe that the offender violated standard condition number two which states she shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month.

The offender submitted monthly reports for the months of December, 2011 through August, 2012. On Part B of the Monthly Supervision Report (MSR), the offender stated she had no employment or "N/A- not applicable." The offender failed to list name, address, work hours, and position held at employment. However, the offender submitted supplemental sheets with her MSR that listed rent and monthly expenditures she received from tenants at "Vicky's Boarding House" located at 1382 Sunnycrest Circle, San Jose, 95122.

On September 4, 2012, Supervising U.S. Probation Officer Susan Portillo and I contacted the offender at her boarding house located at 1382 Sunnycrest Circle, San Jose, 95122. During the course of questioning, the offender admitted to operating another boarding house located at 2105 Sierra Wood Drive, San Jose, 95132, starting in approximately March, 2012. She failed to report this information on the monthly supervision report.

On September 6, 2012, the offender reported to my office for further questioning. I asked the offender where she obtained the funds to operate a boarding house out of Sierra Wood Drive. The offender stated she borrowed $3500 from her mother and sister, Minerva, and

RE:   Puntanilla, Victoria Dasalla                                            4
CR 09-00716-1 RMW

paid one month's rent to the owner of the house and friend, Lydia Velasco. The offender stated she never deposited the cash in any of her bank accounts and gave the cash directly to Ms. Velasco. The offender never reported the cash transaction on her March, 2012 Monthly Supervision Report which directs her to list all expenditures over $500.

Evidence of this violation can be found in the offender's Monthly Supervision Reports from December, 2011 through August, 2012, and this officer's verbal testimony.

Four                There is probable cause to believe that the offender violated standard condition number five that states she will work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reason, in that the offender was operating an unlawful business.

On June 11, 2012, during a field contact with the offender at address 1382 Sunnycrest Circle, San Jose, 95122, the offender produced a San Jose business permit which listed Vicky's Boarding House and had an expiration date of September 15, 2012. The offender reported this permit was documentation she could operate a boarding house.

However, after further investigation, it was found that the offender only had a valid city of San Jose business permit and no additional permits to operate a boarding house which complies with all city code regulations. On August 27, 2012, I spoke with California Department of Social Services Licensing Analyst Romeo Manzano, who confirmed the offender is not licensed to operate an assisted living facility. Additionally, Mr. Manzano stated the offender was fined in 2008 and 2009 and has an outstanding civil penalty of $73,992.92 due to uncorrected or immediate deficiencies.

On August 30, 2012, I contacted the City of San Jose Code Enforcement office, Inspector Pieruccini, who confirmed the offender does not have a Reasonable Accommodation Permit- granting her permission to house more than six residents in a zoned single family home.

On August 31, 2012, San Jose Fire Inspectors, and city of San Jose Code Enforcement Inspectors contacted the offender at her boarding house located at 1382 Sunnycrest Circle, San Jose, 95122. It was determined by all responding agencies that the number of residents in the home exceeded the maximum of six people to be categorized as a boarding house. Additionally, it was determined the offender was housing residents in an unpermitted wooden shed and an RV which had exposed extension cords used as a source of electricity and no connection for sewage. In the wooden shed, the offender also housed a pregnant woman with a toddler. There were also residents who

RE:   Puntanilla, Victoria Dasalla                                                     5
CR 09-00716-1 RMW

needed assisted living services and had to have their medication administered.

Evidence of these violations can be found in this officer's verbal testimony, the offender's financial statement submitted on July 17, 2012, month-to-month tenancy rental agreements, and the City of San Jose Inspection Notice and Administrative Citation dated August 31, 2012.

Five

There is probable cause to believe that the offender violated special condition number three that states she shall participate in a mental health treatment program, as directed by the Probation Officer.

On January 3, 2012, I referred the offender to mental health counseling at Sharper Future.

On June 28, 2012, the offender missed a scheduled mental health counseling session due to leaving the NDCA without permission.

On August 16, 2012, the offender missed a scheduled mental health counseling session and stated she had to take her sister to a medical appointment in another town.

The offender did not obtain approval to miss the scheduled counseling appointments nor did she inform me that she would not be attending.

Evidence of these violations can be found in correspondence from Sharper Future clinician, Jason Shepard, on June 28, 2012, and August 16, 2012.

Six

There is probable cause to believe that the offender violated general condition which states the offender shall not commit another federal, state or local crime, in that the offender provided false information and supporting documents to support the U.S. Passport application for Rodolph Samudio, Jr.

On September 11, 2012, I received a copy of a rejected U.S. Passport application originally filed on February 17, 2012, from Special Agent Jason Griffin with Diplomatic Security Service (DSS). The applicant, Rodolph "Rudy" Samudio, Jr., is a long time resident at the offender's boarding house located at 1382 Sunnycrest Circle, San Jose, CA 95122. Mr. Samudio, Jr. is medically disabled and in a wheelchair. On the application, he requested to travel to Mexico and the Philippines for 30 days.

**RE:**   Puntanilla, Victoria Dasalla                                           6
CR 09-00716-1 RMW

On July 31, 2012, U.S. Passport officials called Mr. Samudio, Jr., to request additional information and documentation from him. However, Mr. Samudio, Jr. was unable to hold a conversation and the U.S. Passport official indicated they spoke with a woman named "Victoria" (the offender). They instructed the offender to have Mr. Samudio, Jr. send them a letter with a note about a change of address request.

On August 1, 2012, U.S. Passport officials received a fax response in what appears to be the offender's handwriting (similar to handwriting submitted by the offender from her June 2012 monthly supervision report). The letter stated Mr. Samudio, Jr., wanted change his address to 831 Brevins Loop, San Jose, CA (the offender's current address). The signature on the letter is different from Mr. Samudio Jr.'s signatures listed on his CA Department of Motor Vehicle Identification Card, his Social Security Card, and the signature listed on page 1 of the U.S. Passport application.

Evidence of this violation can be found in this officer's verbal testimony, the rejected U.S. Passport application from Rodolph Samudio, Jr., and provisions of 18 U.S.C. § 1001, § 1542 and § 1621.

Seven

There is probable cause to believe that the offender violated standard condition number three that states the offender shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; in that the offender was not truthful about making mortgage payments to 2105 Sierra Wood Drive, San Jose, CA 95132.

On September 6, 2012, the offender reported to my office for further questioning about operating a boarding house at 2105 Sierra Wood Drive, San Jose CA 95132. The offender stated she made only one monthly rent payment to friend, Lydia Velasco, in the amount of $3500.

However, on August 31, 2012, a search was conducted at the offender's residence (831 Brevins Loop, San Jose) by the United States Probation Office. It was later discovered the offender had made at least three mortgage payments towards 2105 Sierra Wood Drive, San Jose CA 95132. On January 3, 2102, the offender made a $3500 payment inside Chase Bank. On May 10, 2012, the offender drafted a $3300 cashier's check inside Bank of America-Waterford Center branch, with a note to pay to the order of "Chase for 2105 Sierra Wood Drive, SJ, CA 95132." On July 2, 2012, the offender made a $3500 payment inside Chase Bank.

Evidence of this violation can be found in Chase documents seized on August 31, 2012.

NDC-SUPV-FORM 12C(1) 02/26/10

RE:   Puntanilla, Victoria Dasalla                                              7
CR 09-00716-1 RMW

Eight

There is probable cause to believe that the offender violated special condition number six of modified order by Magistrate Judge Cousins on September 27, 2012, which stated the offender shall stop operating a boarding house at the following residences: 1382 Sunnycrest Circle, San Jose CA 95122; and 2105 Sierra Wood Drive, San Jose, CA 95132. Specifically, the offender has until October 11, 2012, to finalize transfer of all tenants into other boarding houses, in that the offender has failed to stop operating a boarding house at 1382 Sunnycrest Circle, San Jose, as of November 7, 2012.

On October 8, 2012, I made telephone contact with Ronnie Cuevas, regarding the status of his property at 1382 Sunnycrest Circle, San Jose.   Mr. Cuevas stated he has decided to relinquish all rights/ownership of property.  Mr. Cuevas stated on September 25, 2012, he signed a notarized Grant Deed to the offender's husband, Gerry Brillantes.  Once the Grant Deed is recorded, it is to be mailed to the offender's husband at 831 Brevins Loop, San Jose.

On October 15, 2012, I made telephone contact with the offender to discuss the status of her boarding house.  The offender stated all tenants were out of residence and referred over to her friend, Rachel Licuanan's, boarding house in San Jose-Evergreen area.  The offender stated she didn't cash any rent payments from her previous tenants, but did submit their rent payments personally to her friend, Rachel Licuanan.  The offender stated the owner of the residence, Ronnie Cuevas, was going to change the locks so no one could enter.

On October 18, 2012, it was discovered there were tenants still at 1382 Sunnycrest Circle, San Jose.  On November 7, 2012, I contacted two of the offender's tenants who stated on November 1, 2012, they returned back to the residence from the other boarding house they were placed at (offender's friend, Rachel Licuanan).  The offender's tenants stated the new operator of the boarding house located at 1382 Sunnycrest Circle, San Jose, was Rachel Licuanan.  The offender's tenants stated they have signed rental agreements with Rachel Licuanan.  Both tenants I spoke with indicated there are four tenants who are currently staying at the residence.  They also indicated the offender was over at the residence a few hours before I arrived, to drop off food for them.

According to a internet search through the city of San Jose-Finance Department, on November 15, 2012, a business license was issued to Wilfredo Mendoza, to operate a boarding house at 1382 Sunnycrest Circle, San Jose, under the name of "Sun Shine Boarding House."

Evidence of this violation can be found in this officer's verbal testimony, a copy of the Grant Deed signed by Ronnie Cuevas, and a copy of the business license issued to Wilfredo Mendoza, on November 15, 2012.

RE:   Puntanilla, Victoria Dasalla                                                        8
CR 09-00716-1 RMW

Nine

There is probable cause to believe that the offender violated special condition number five of modified order by Magistrate Judge Cousins on September 27, 2012, which stated the offender shall not be self-employed (with USPO approval), not operate or be employed in the capacity of a landlord, nor be an operator of a boarding house, board and care house, independent living house, nor an assisted living facility, in that on October 14, 2012, the offender gave Mr. Tai Chau permission to reside at 1382 Sunnycrest Circle, San Jose CA  95122, in exchange for him cleaning and cooking at the residence.

On October 18, 2012, United States Probation Officer Juan Ramirez and I contacted Mr. Tai Chau at the offender's boarding house located at 1382 Sunnycrest Circle, San Jose CA  95122.  Mr. Chau indicated on October 14, 2012, he was given verbal permission by the offender to stay at the residence in exchange for him to perform general cleaning and cooking duties.  Mr. Chau indicated another tenant was also still at the residence (Chis Alipaz).  Mr. Chau further disclosed he is a convicted sex offender and was recently discharged from state parole.   Mr. Chau produced a temporary 290 PC Sex Offender Registration Card listing the boarding house as his current address.

Evidence of this violation can be found in this officer's verbal testimony, and a digital photograph of Mr. Chau's 290 PC Sex Offender Registration Card.

Ten

There is probable cause to believe that the offender violated general condition which states the offender shall not commit another federal, state or local crime, in that the offender falsely applied for food stamp aide through the County of Santa Clara, and the offender was ineligible to apply for food stamps because she earned income from In Home Supportive Services and operating a boarding house.

On October 19, 2012, the offender was sent correspondence from Santa Clara County Social Services Agency, regarding a returned Eligibility Status Report for Food Stamp verification.  The offender failed to provide supporting bank account information and In Home Supportive Services (IHSS) earned income.  The offender was directed to complete a QR7 Form and mail back missing verifications by October 29, 2012.   The offender was advised failure to submit documentation would result in her Food Stamp benefits being discontinued effective October 31, 2012.

On November 5, 2012, I received an email correspondence from Rebecca Spoulos, Supervising Investigator of Special Investigations Unit for Santa Clara County Social Services Agency, confirming the offender applied for General Assistance and food stamps on February 18, 2012.  In the offender's application, she noted she was disabled and lived with three other adults in her home.  The offender also listed she was not working, but sometime during the time period on aide, she reported income from In Home Supportive Services.  Ms. Spoulos

RE:   Puntanilla, Victoria Dasalla                                                    9
CR 09-00716-1 RMW

confirmed the offender received  a total of $1689 in food stamp assistance from the time period of February 18, 2012 through October 31, 2012.   The offender was discontinued from food stamps on October 31, 2012 for failure to submit supporting documents to Social Services Agency.

Evidence of this violation can be found in the email correspondence from Rebecca Spoulos, Supervising Investigator, on November 5, 2012, and correspondence received by offender on October 19, 2012, from Santa Clara County Social Services Agency.

Eleven                There is probable cause to believe that the offender violated standard condition number three that states the offender shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; in that the offender was not truthful about complying with the City of San Jose-Code Enforcement Inspection Notice dated August 31, 2012.

On September 19, 2012, city of San Jose Code Enforcement Inspector David Pieruccini, United States Probation Officer Michael McFarland, and I contacted the offender at her boarding house located at 1382 Sunnycrest Circle, San Jose, CA  95122, to re-inspect the residence for compliance with the listed code violations found.  It appeared the offender was in compliance as she cleaned up the residence and removed all the debris and half of the unpermitted wooden shed in the backyard.

However, on October 18, 2012,  United States Probation Officer Juan Ramirez and I went back out to the offender's boarding house based on information received from a confidential source.  There was reason to believe the offender had hidden trash, debris and wood from the unpermitted shed in between the freeway sound wall and backyard brick wall.  I subsequently verified there was a large amount of trash and wooden debris in between the walls which were associated with the code violations on property.

Evidence of this violation can be found in this officer's verbal testimony, and digital photographs taken on October 18, 2012.

RE:   Puntanilla, Victoria Dasalla                                                     10
CR 09-00716-1 RMW
Based on the foregoing, there is probable cause to believe that Victoria Puntanilla violated the conditions of her supervision.


Respectfully submitted,                          Approved as to form:


_____                        _____
Malik Ricard                                     Susan Portillo
United States Probation Officer                  Supervisory U.S. Probation Officer
Date Signed: November 19, 2012

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒  Amend the previous file petition dated September 21, 2012, to include charges Seven, Eight, Nine, Ten, and Eleven.

☐  Other:


_____11/19/2012_____                             _____
Date                                             Ronald M. Whyte
                                                 Senior United States District Judge

NDC-SUPV-FORM 12C(1) 02/26/10

RE:   Puntanilla, Victoria Dasalla                                               11
CR 09-00716-1 RMW


APPENDIX


Grade of Violations:  C

Criminal History at time of sentencing:  I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | **2 years** <br> **18 U.S.C § 3583(e)(3)** | **3-9 months** <br> **U.S.S.G §7B1.4(a)** |
| **Supervised Release:** | **3 years** <br> **18 U.S.C § 3583(b)** | **3 years less any term of imprisonment imposed upon revocation** <br> **U.S.S.G § 7B1.3(g)(2)** |
| **Probation:** | **Not Applicable** | **Not Applicable** |


**U.S.S.G 7B1.3(g)(2):**  If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statue for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

**U.S.S.G 7B1.3(a)(2):**  Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.


NDC-SUPV-FORM 12C(1) 02/26/10