MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JEFFREY B. SCHENK  (CABN 234355)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5061
   Fax:  (408) 535-5066
   E-Mail: jeffrey.b.schenk@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09-00716-RMW |
| Plaintiff, | ) ) | UNITED STATES' SENTENCING MEMORANDUM |
| v. | ) ) | |
| VICTORIA PUNTANILLA, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

I. INTRODUCTION

On January 7, 2013, Victoria Puntanilla admitted to four violations of her supervised release.  On March 18, Puntanilla will appear before this Court for sentencing.  The applicable United States Sentencing Guideline range for these violations is three to nine months in custody.

II.  THE VIOLATIONS

First, Puntanilla violated the standard condition that requires her to answer truthfully all inquiries by the probation officer.  Puntanilla was not truthful with her probation officer regarding the presence of a young child, who was living in a shed at Puntanilla's boarding house, located at 1382 Sunnycrest Circle.

Second, Puntanilla violated standard condition number two that requires her to report to probation and complete truthful written reports each month.  From December 2011 through August 2012, Puntanilla submitted monthly reports.  On each report, Puntanilla stated that she had no employment.  In fact, Puntanilla had been receiving rent and additional income from her boarding house, called Vicky's Boarding House located at 1382 Sunnycrest Circle.  Moreover, Puntanilla also failed to disclose to probation her operation of a second boarding house, located at 2105 Sierra Wood Drive, San Jose.

Third, Puntanilla violated standard condition number five that requires her to work regularly at a lawful occupation.  As discussed above, Puntanilla was operating and receiving income from Vicky's Boarding House.  This boarding house does not have valid, required permits to operate lawfully, including a Reasonable Accommodation Permit that would grant her permission to house more than six residents in a home zoned as single family.  Moreover, Puntanilla was housing residents in a wooden shed, without a permit, and in a recreational vehicle with exposed extension cords providing electricity and without a sewage connection.

Finally, Puntanilla violated standard condition number three requiring her to answer truthfully all inquiries by probation.  Puntanilla did not truthfully answer her probation officer's inquiries regarding mortgage payments she was making on behalf of the boarding house located at 2105 Sierra Wood Drive.  In an apparent attempt to distance herself from the operation and management of this boarding house, Puntanilla did not truthfully disclose to her probation officer that she had made at least three mortgage payments on behalf of 2105 Sierra Wood Drive.

### III. SENTENCING RECOMMENDATION

The applicable United States Sentencing Guideline range for these violations is three to nine months in custody.  The United States recommends the Court sentence Puntanilla to 6 months in custody.  A term of imprisonment is appropriate for two reasons.  First, the probation officer gave Puntanilla several opportunities to comply with her conditions of probation, yet she failed to take advantage of these opportunities and continued to ignore the instructions of the probation officer.

Second, Puntanilla's violations create significant risks to vulnerable individuals,

UNITED STATES' SENTENCING MEMORANDUM
CR 09-00716-RMW

specifically the individuals living at her boarding houses for which she provides unsafe and inadequate care.  Puntanilla has exposed her residents to hazardous living conditions.  Hopefully, a significant sentence will deter Puntanilla from managing boarding house and repeating this dangerous behavior.

At Puntanilla's admission hearing on January 7, 2013, the Court continued allegation number eight within the Amended Petition for Summons for Offender Under Supervision as a condition of her release.  Therefore, after imposition sentence, this Court should now order Puntanilla to abide by original special condition number six (as modified by Magistrate Judge Cousins on September 27, 2012) and order Puntanilla to stop operating boarding houses at 1382 Sunnycrest Circle and 2105 Sierra Wood Drive.

DATED:        March 15, 2013                MELINDA HAAG
                                            United States Attorney


                                            _____/s/_____
                                            JEFF SCHENK
                                            Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 09-00716-RMW