# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Jose Venue



FILED

JUN 1 1 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

---

### Petition for Summons for Offender Under Supervision

---

**Name of Offender**
Victoria Puntanilla

**Docket Number**
0971 5:09CR00716-001 RMW

**Name of Sentencing Judge:** The Honorable Ronald M. Whyte
Senior United States District Judge

**Date of Original Sentence:** August 23, 2010

**Original Offense**
Count One: Misuse of Passport, 18 U.S.C § 1544, a Class C felony

**Original Sentence:** 15 months custody, Three years supervised release

**Special Conditions:** Access to financial information; Mental health treatment; $100 special assessment; Search; Not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; DNA collection; $150,000 criminal forfeiture; Not enter into any rental lease agreements without the approval of the USPO; Shall not rent out any rooms in her primary residence, without prior approval from the USPO; Shall not be a payee or designated beneficiary of any state, federal, or local benefits, including but not limited to disability and medical restrictions; Shall not be self-employed (without USPO approval), not operate or be employed in the capacity of a landlord, nor be an operator of a boarding house, board and care house, independent living house, nor an assisted living facility; Shall not apply for a U.S. Passport or assist anyone in completing a U.S. Passport application; Shall only use her name of Victoria Dasalla Puntanilla; Prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts, without the approval of the USPO.

**Prior Form(s) 12:** On September 21, 2012, a petition was filed alleging a six count violation of the offender's supervised release. On June 21, 2013, a second amended petition was filed alleging an additional seven counts to the previously filed petition. On July 1, 2013, the offender appeared in court, and her supervised release was extended until December 22, 2015.

**Type of Supervision**
Supervised Release
**Assistant U.S. Attorney**
Jeff Schenk

**Date Supervision Commenced**
December 23, 2011
**Defense Counsel**
Robert Karlin (AFPD)

---

### Petitioning the Court

NDC-SUPV-FORM 12C(1) 03/26/2014

**RE:**    Puntanilla, Victoria Dasala                                                                2
           0971 5:09CR00716-001 RMW

The issuance of a summons for the offender to appear in court before the duty Magistrate Judge, Howard R. Lloyd, for identification of counsel and setting of further proceedings on June 12, 2014, at 1:30 p.m.

I, Malik Ricard, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated the general condition which states she shall not commit another federal, state or local crime, in that the offender committed check theft by taking Bank of the West checks issued to a former tenant, and forged a check for the express purpose of cashing it in-branch. |

On or about August 2, 2013, the offender entered a local Bank of the West branch, and cashed a forged check made out to her in the amount of $800.00. The forged check belonged to the offender's former boarding house tenant located at 1382 Sunnycrest Circle, San Jose. Several bank surveillance photos show the offender completing the check cashing transaction, which included the offender placing her fingerprint on the check for a validation process. The check theft complainant and former boarding house tenant filed a United States Postal Inspection Service mail theft complaint and a San Jose Police Department report. The offender has not reported to this officer that she has a current checking account at any Bank of the West Branch in the San Jose area. This case is currently assigned to United States Postal Inspector Jeff Burk, and will be forwarded to the Santa Clara County District Attorney's Office for allegations of California Penal Code 470(d)-forgery, and California Penal Code 496(A)- Possession of known stolen property.

Evidence of this violation can be found in United States Postal Inspection Service mail theft complaint #28283571 and case #1896617-MT, closed circuit video still images from Bank of the West- Cambrian branch, on August 2, 2013, a copy of the forged Bank of the West check, and the San Jose Police Department report #13-238-9512.

**RE:**   Puntanilla, Victoria Dasala                                                          3
0971 5:09CR00716-001 RMW

Charge Number          Violation

Two                    There is probable cause to believe that the offender violated the modified
                       special condition number two, which states she shall not rent out any
                       rooms in her primary residence, without prior approval from the United
                       States Probation Officer, in that the offender has continued to facilitate
                       renting out rooms at 831 Brevins Loop, San Jose.

> On May 21, 2014, United States Probation Officer Jacinta Hoving
> and I contacted the offender and three elderly tenants who all
> reside at 831 Brevins Loop, San Jose. A new tenant, Mr. Arthur J.
> Spicer, Jr., agreed to speak with me regarding his rental agreement
> at the offender's residence. Mr. Spicer, Jr., indicated the offender
> contacted him at Empress Care Center (2220 Stokes Street, San
> Jose, CA), during the last week of April 2014. Mr. Spicer, Jr.,
> indicated the offender propositioned him with a room to rent at her
> residence. Mr. Spicer, Jr., indicated he took the offender up on her
> offer and moved into the residence during the first week of May
> 2014. I inquired who Mr. Spicer, Jr., pays his rent to. He
> indicated he pays $600 a month to the offender's daughter,
> Rochelle Brillantes. The offender did not seek prior approval from
> this officer regarding renting out a room in her residence. On May
> 5, 2014, the offender's daughter, Rochelle Brilliantes, left this
> officer a voicemail message   indicating she was the one
> responsible for arranging the rental agreement with Mr. Spicer, Jr.

> Evidence of this violation can be found in this officer's testimony
> and my chronological entries dated May 5, 2014, and May 21,
> 2014.

Charge Number          Violation

Three                  There is probable cause to believe that the offender violated modified
                       special condition number four which states she shall not be self-employed
                       (without USPO approval), not operate or be employed in the capacity of a
                       landlord, nor be an operator of a boarding house, board and care house,
                       independent  living house, nor an assisted living facility, in that she
                       continued to operate boarding houses located at 2105 Sierra Wood Drive,
                       San Jose, and 1382 Sunnycrest Circle, San Jose.

> On February 3, 2014, United States Probation Officer Specialist
> Jennifer James and I contacted the offender at her residence.
> While walking past her unlocked vehicle which was parked in the
> driveway, I noticed a large binder which contained several pieces
> of mail and documents. I retrieved the binder and subsequently
> discovered the offender was in possession of documents
> implicating her as a landlord and continuing to operate boarding
> house located at 2105 Sierra Wood Drive, San Jose. Specifically,

**RE:**   Puntanilla, Victoria Dasala                                                                                              4
0971 5:09CR00716-001 RMW

the offender was in possession of a Chase bank mortgage payment receipt, and Farmers home insurance documents, associated with the property located at 2105 Sierra Wood Drive, San Jose.

It was further discovered that the offender was in possession of a 2013-2014 day planner which contained numerous bank account and routing numbers, notations of retrieving rental income from undisclosed tenants, and the date-of-births and social security numbers of several of the new tenants in her personal residence.

On April 7, 2014, I met with the offender in the San Jose office to discuss her involvement with continuing to operate boarding houses in the San Jose area. After questioning the offender, she admitted to picking up rent money from the tenants of 2105 Sierra Wood Drive, San Jose, and making mortgage payments in-branch at Chase Bank as late as January 2014.

On April 18, 2014, I received a telephone call from Sharon Yamzon, Code Enforcement Inspector with the city of San Jose. Ms. Yamzon indicated she received a code violation complaint for the property located at 1382 Sunnycrest Circle, San Jose. Ms. Yamzon reported that she went out to the property on April 17, 2014, and discovered that the boarding house was filthy, and there was evidence that there were tenants living in the converted garage and backyard sheds. Ms. Yamzon also reported that the offender's son, Roscoe Brillantes, was present at the time of her inspection, and was acting as the house manager/boarding house operator.

On May 8, 2014, I received another telephone call from Sharon Yamzon, Code Enforcement Inspector with the city of San Jose. Ms. Yamzon indicated one of the former tenants of 1382 Sunnycrest Circle, San Jose, reported that the offender came to the boarding house on the weekend of May 3, 2014, and instructed him to leave the property by May 12, 2014. This eviction notice occurred shortly after the boarding house received a citation and fine notice from Code Enforcement.

Evidence of this violation can be found in seized documents from a home contact on February 3, 2014, and this officer's chronological entries dated April 7, 2014, April 18, 2014, and May 8, 2014.

**RE:**   Puntanilla, Victoria Dasala                                                                                  5
        0971 5:09CR00716-001 RMW

Charge Number          Violation

Four                   There is probable cause to believe that the offender violated standard
                       condition number three which states she shall answer truthfully all
                       inquiries by the probation officer and follow the instructions of the
                       probation officer, in that she was untruthful about having a joint checking
                       account with the straw buyer of 2105 Sierra Wood Drive, San Jose, had
                       possession of checks issued to one of her elderly tenants at 831 Brevins
                       Loop, San Jose, and continued to communicate with the straw buyer,
                       Lydia Velasco.

                                   On February 3, 2014, United States Probation Officer Specialist
                                   Jennifer James and I contacted the offender at her residence on
                                   Brevins Loop in San Jose. Once we determined that the offender
                                   was in possession of documents pertaining to the continued
                                   operation of boarding houses, she was directed to cease all forms
                                   of communication with the straw buyer, Lydia Velasco.  The
                                   offender was also found to be in possession of personal checks
                                   belonging to one of her elderly In Home Supportive Services
                                   clients, Joseph Cisneros. When this officer inquired if the offender
                                   had any knowledge of other checkbooks issued to Joseph Cisneros,
                                   she stated "no, that is the only check book."

                                   On February 11, 2014, this officer contacted the offender in the
                                   parking lot of the Center for Employment Training, after she
                                   attended the weekly Sharing Education and Employment
                                   Development Strategies (S.E.E.D.S) group.  The offender stated
                                   she forgot to inform me that she found a new stack of checks
                                   belonging to Joseph Cisneros. The offender handed me a green
                                   sleeve of newly issued checks that the offender stated "were under
                                   Mr. Cisneros's mattress," and she overlooked them during my last
                                   home visit on February 3, 2014. When I questioned the offender
                                   why Mr. Cisneros had new checks issued with a new account
                                   number, she indicated Mr. Cisneros's previous checking account
                                   was closed and that he had the bank issue him new checks.

                                   On February 16, 2014, this officer received a forwarded text
                                   message from Lydia Velasco, which was originally sent by the
                                   offender. The text message read:

                                   "Pls. Give Rochelle Authority 2 collect d rent coz she needs it.
                                   Effective 5/1/13 & 2 pay d rent & home owner's insurance too coz
                                   I'm not allowed 2 do it."

                                   On April 7, 2014, I met with the offender in the San Jose office to
                                   discuss her involvement with continuing to operate boarding
                                   houses in the San Jose area. After questioning the offender, she
                                   admitted to having a joint Wells Fargo checking account with

                                                                                    NDC-SUPV-FORM 12C(1) 09/01/13

RE:  Puntanilla, Victoria Dasala                                                    6
     0971 5:09CR00716-001 RMW

Lydia Velasco, the owner of record for 2105 Sierra Wood Drive, San Jose. The offender reported she removed Mrs. Velasco from the joint account in December 2013. The offender has never reported a joint Wells Fargo checking account on her monthly supervision reports since the start of her supervision in December 2011.

Evidence of this violation can be found in the seized evidence on February 3, 2014, and February 11, 2014, and this officer's chronological entries dated February 3, 2014, February 11, 2014, February 16, 2014, and April 7, 2014.

| Charge Number | Violation |
|---|---|
| Five | There is probable cause to believe that the offender violated standard condition number two, which states she shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month, in that the offender failed to accurately report her monthly cash inflow in Part D of the Monthly Supervision Report. |

This officer has directed the offender to submit bank statements to aid in my assessment of her self-employment, and to verify her stated income on her Monthly Supervision Report (MSR). I have found significant discrepancies between the cash inflow the offender has reported on her MSRs, and the combined monthly deposits recorded in the offender's listed checking accounts (Wells Fargo, Chase, and Bank of America).

| | Monthly Cash Inflow (Reported on MSRs) | Deposits/Credits Listed On Bank Account Statements |
|---|---|---|
| June 2013 | $3,942.73 | $8,559.16 |
| July 2013 | $2,121.13 | $2,263.31 |
| August 2013 | $1,901.95 | $2,885357 |
| September 2013 | $1,932.88 | $3,143.07 |
| October 2013 | $2,572.84 | $2,204.19 |
| November 2013 | $2,229.02 | $644.59 |
| December 2013 | $1,789.27 | $4,937.75 |
| (2013 sub-total) | $16,489.82 | $24,637.64 |

RE:   Puntanilla, Victoria Dasala                                                                7
      0971 5:09CR00716-001 RMW

| | | |
|---|---|---|
| January 2014 | $2,106.28 | $2,826.56 |
| February 2014 | $2,675.50 | $2,754.97 |
| March 2014 | $2,046.19 | $2,556.23 |
| April 2014 | $927.86 | $1,377.86 |
| (2014 sub-total) | $7,755.83 | $9,515.62 |

The combined sub-totals from the sample Monthly Cash Inflow, reported from the offender's listed MSR's are $24,245.65.

The combined sub-totals from the sample deposits/credits listed on the offender's bank account statements are $35,153.26.

Evidence of this violation can be found in the offender's Monthly Supervision Reports from June 2013 to December 2013, January 2014 to April 2014, and the bank statements submitted by the offender for the same time frames.

Although not a specific violation of the offender's supervised release conditions, an adverse action was taken against the offender by the County of Santa Clara, Social Services Agency, In Home Supportive Services (IHSS). On May 15, 2014, a letter was drafted by IHSS, indicating an overpayment to the offender had occurred in the amount of $953.92. This overpayment occurred due to the offender submitting a timecard relative to her mother, who had traveled out of the country from May 2014 through July 2014. The offender was notified to pay back the overpayment amount by May 25, 2014, or face possible prosecution from the Office of the District Attorney, Department of Justice and/or the Department of Health Care Services.

Based on the foregoing, there is probable cause to believe that Victoria Puntanilla violated the conditions of her Supervised Release.

Respectfully submitted,                          Reviewed by:

_____                  _____
Malik Ricard                                     Susan Portillo
United States Probation Officer                  Supervisory U.S. Probation Officer
Date Signed: June 4, 2014

**RE:**   Puntanilla, Victoria Dasala                                                    8
         0971 5:09CR00716-001 RMW

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒ The issuance of a summons for the offender to appear in court before the duty Magistrate Judge, Howard R. Lloyd, for identification of counsel and setting of further proceedings on June 12, 2014, at 1:30 p.m.

☐ Other:

_____6/11/2014_____          _____
Date                                            Ronald M. Whyte
                                                Senior United States District Judge

RE:    Puntanilla, Victoria Dasala                                                9
       0971 5:09CR00716-001 RMW


APPENDIX


Grade of Violations: B [U.S.S.G §7B1.1(a)(2) ]    Charge One

C [U.S.S.G §7B1.1(a)(3)] Charges Two-Four

Criminal History at time of sentencing:  I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | **2 years** **18 U.S.C § 3583(e)(3)** **(Based on a class C Felony)** | **4-10 months** **U.S.S.G §7B1.4(a)** **3-9 months** **U.S.S.G §7B1.4(a)** |
| **Supervised Release:** | **3 years** **18 U.S.C § 3583(b)** | **3 years less any term of imprisonment imposed upon revocation** **U.S.S.G § 7B1.3(g)(2)** |
| **Probation:** | **Not Applicable** | **Not Applicable** |


**U.S.S.G 7B1.3(g)(2):**  If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statue for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

**U.S.S.G 7B1.3(a)(2):**  Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.