STEVEN G. KALAR
Federal Public Defender
ROBERT CARLIN (123806)
Assistant Federal Public Defender
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753
E-mail: robert_carlin@fd.org

Counsel for Defendant
VICTORIA PUNTANILLA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00716-RMW |
| Plaintiff, | **DEFENDANT'S POSITION RE SENTENCING** |
| vs. | |
| VICTORIA PUNTANILLA, | Sent. Date: December 8, 2014<br>Sent. Time: 9:00 a.m. |
| Defendant. | |

**I.**

**INTRODUCTION**

Defendant VICTORIA PUNTANILLA ("Ms. Puntanilla") appears before this Honorable Court for sentencing following her admissions to supervised release violations. The United States Probation Office ("Probation") has calculated an advisory sentencing guideline range of 4 to 10 months, based on a grade B violation and a criminal history category I. See Probation's Memorandum to the Hon. Ronald M. Whyte, dated December 3, 2014 ("Probation Memo"). However, the violations that Ms. Puntanilla admitted appear to be grade C violations, and if so the advisory range is 3 to 9 months. See USSG § 7B1.1 (a)(3).

1

Probation has recommended that Ms. Puntanilla be sentenced to 10 months imprisonment, to be followed by a twenty-six month term of supervised release, as conditions of which she should serve three months at a residential reentry center to be followed by three months electronic monitoring once she has secured a residence.  Although Ms. Puntanilla understands that her violations warrant sanction, she respectfully contends that the sentence recommended by Probation is excessive.  Ms. Puntanilla respectfully requests that this Honorable Court impose a sentence of three months imprisonment, to be followed by a period of home confinement and electronic monitoring.  In the alternative, Mr. Puntanilla would urge the Court to consider a sentence of six months in a community confinement center, which would allow her to remain employed, covered by health insurance and paying taxes.

**II.**

**POSITION REGARDING SENTENCE**

**A.**     **The Post-Booker Sentencing Framework**

THE COURT MUST IMPOSE THE LEAST PUNITIVE SENTENCE
THAT SATISFIES THE GOALS OF 18 U.S.C. § 3553 (a)

Courts have an "overarching" obligation to impose sentences that are "sufficient, but not greater than necessary" to achieve the goals of § 18 U.S.C. § 3553 (a).  Kimbrough v. United States, 552 U.S. 85, 101 (2007).  The so-called "parsimony principle" is the most important factor in a court's sentencing decision.  United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008).

**B.   18 U.S.C. § 3553 (a) Factors**

**THE NATURE AND CIRCUMSTANCES OF THE VIOLATIONS**

Ms. Puntanilla understands that her failure to comply with the terms and conditions of her supervised release represents a violation of this Honorable Court's trust.

**HISTORY AND CHARACTERISTICS**

Ms. Puntanilla was born and raised in the Philippines.  PSR ¶ 53.  Raised by a very strict father, she worked from an early age and studied nursing from the age of sixteen.  PSR ¶ 54.  She

visited the United States for the first time in 1986, to attend her brother's funeral, and returned as a lawful permanent resident in 1989. PSR ¶ 55. She completed her lawful integration into the United States when she became a citizen in 1992. Id. Ms. Puntanilla was diagnosed with cancer in 2004, and since then she has battled with physical and mental health issues. PSR ¶¶ 60-61. It is notable that Ms. Puntanilla had no history of arrests, much less criminal convictions, until she suffered a misdemeanor conviction in 2006, after she had been diagnosed with cancer and was struggling with depression. PSR ¶ 50. Ms. Puntanilla continues to face physical and mental health issues, and continues to participate in mental health counseling as a condition of her supervised release.

**JUSTIFICATION FOR THE REQUESTED SENTENCE**

1. The Sentence Recommended By Probation Would Be Excessive

Even prior to Booker, the sentencing ranges suggested by U.S.S.G. § 7B1.4 (a) were merely advisory and not binding on sentencing courts. United States v. George, 184 F.3d 1119, 1122 (9th Cir.1999). Indeed, the "policy statements set forth in Chapter 7 are neither guidelines nor interpretations or explanations of guidelines." Id. at 1121.

In a paragraph that discusses what it sees as justification for its sentencing recommendation, Probation states the Ms. Puntanilla has "continued to operate boarding houses" and also "she stole personal checks . . . and successfully forged a check at a local bank." While Probation may believe these facts to be true, they are not included in the admissions before this Honorable Court. The purpose of this sentencing is to punish Mr. Meza's breach of the court's trust, not any new and unproven new criminal conduct, which presumably would be the responsibility of the Superior Court in Santa Clara County if charges are pressed. United States v. Miqbel, 444 F.3d 1173, 1181-82 (9th Cir. 2006); see also U.S.S.G. §Ch. 7, Pt.B, intro. comment. ("The Commission has concluded that the determination of the appropriate sentence on any new criminal conviction should be a separate determination for the court having jurisdiction over such conviction.")

### III.

### **CONCLUSION**

Ms. Puntanilla respectfully requests that this Honorable Court impose a sentence of three months imprisonment, to be followed by a period of home confinement and electronic monitoring, or in the alternative a sentence of six months in a community confinement center, which would allow her to remain employed, covered by health insurance and paying taxes. within a range of three months imprisonment, or in the alternative six months in a community confinement center.

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

Dated: December 4, 2014                     __/s/_____
                                            ROBERT CARLIN
                                            Assistant Federal Public Defender